IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PENSKE TRUCK LEASING CO., LP and PTL :    Civil Action No.:   2:20-cv-438
GP, LLC,                                       :
                                          :
               Plaintiffs,           :
                                          :
       vs.                                 :
                                        :
TRAVELERS PROPERTY CASUALTY       :
COMPANY OF AMERICA, JOHN J.         :
JANOSEK and LAURA JANOSEK,        :

              Defendants.

## NOTICE OF REMOVAL

Defendant Travelers Property Casualty Company of America ("Travelers") hereby gives notice to this Honorable Court, to Plaintiffs Penske Truck Leasing Co., LP and PTL GP, LLC (collectively the "Penske Entities" or "Plaintiffs"), and to Co-Defendants John J. Janosek and Laura Janosek (the "Janoseks") of the removal of Plaintiffs' action from the Court of Common Pleas of Allegheny County, Pennsylvania to the United States District Court for the Western District of Pennsylvania. In support of removal, Travelers states as follows:

1. On February 24, 2020, Plaintiffs filed a Complaint against Travelers and the Janoseks in the Court of Common Pleas of Allegheny County, Pennsylvania (the "Complaint"). *See* Complaint attached as Exhibit 1 hereto.

2. The Complaint asserts causes of action against Travelers for contractual indemnification (Count I) and declaratory judgment (Count II) arising out of a claim by the Penske Entities for insurance coverage as additional insureds under a policy of automobile insurance (the "Policy") issued by Travelers to a third party, Perry's Ice Cream Co., Inc., for an underlying personal injury lawsuit filed by the Janoseks against the Penske Entities in the Court

of Common Pleas of Allegheny County, Pennsylvania at No. G.D. 19-006880 (the "Underlying Action").

3.     The contractual indemnification claim seeks contractual indemnification from Travelers in the form of a complete defense and indemnity, including reimbursement for attorney's fees and costs incurred by the Penske Entities in the defense of the Underlying Action. *See* Exhibit 1 (Complaint), at ¶ 18 & Count I, Wherefore clause.

4.     The declaratory judgment claim seeks a declaration that Travelers has a duty to provide the Penske Entities with a complete defense and indemnification as additional insureds for the Underlying Action. *See* Exhibit 1 (Complaint), at ¶¶ 20-23 & Count II, Wherefore clause.

5.     The Complaint contains no causes of action against the Janoseks. *See* generally Exhibit 1 (Complaint). Rather, the Complaint states that the Janoseks have been named as defendants "to the extent they have an interest in the outcome of this litigation." Exhibit 1 (Complaint), at p. 1.

## I.     THIS COURT HAS ORIGINAL JURISDICTION

6.     Pursuant to 28 U.S.C. § 1441, cases over which federal district courts have original jurisdiction may be removed by a defendant to the federal district court embracing the place where such action is pending. This Court has original jurisdiction over lawsuits in which: a) the parties are citizens of different states; and b) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Both conditions for original jurisdiction are met here.

### A.     The Parties to this action are citizens of different states

#### a.  The Penske Entities and Travelers are citizens of different states.

7.     The Penske Entities and Travelers are diverse because they are citizens of different states. 28 U.S.C. § 1332(a)(1).

8.      Travelers is a Connecticut corporation with a principal place of business in Hartford, Connecticut, therefore making it a citizen of Connecticut. *See* Exhibit 1 (Complaint), at ¶ 4.

9.      The Penske Entities consist of a limited partnership, Penske Truck Leasing Co., LP, and a limited liability company, PTL GP, LLC, thus requiring their citizenship to be determined according to the citizenship of each of their partners or members, respectively. *GBForefront, L.P. v. Forefront Management Group, LLC*, 888 F.3d 29, 34 (3d Cir. 2018).

10.      "When a business entity consists of constituent parts that are also business forms, the inquiry into jurisdictional citizenship 'can become quite complicated. ... [T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be.'" *Id.* at 37 (*quoting Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 n.16 (3d Cir. 2015)).

11.      As a result, the Third Circuit has determined that a party can sufficiently plead diversity by pleading that an unincorporated association adverse party does not have the same citizenship as the pleading party upon information and belief, as opposed to pleading the specific citizenship of an adverse party, after conducting a "reasonable inquiry" in support thereof, given the limits of publicly available information. *Lincoln Benefit Life*, 800 F.3d at 107-08.

12.      The Complaint does not allege the citizenship of each of the partners or members of the Penske Entities. *See* Exhibit 1 (Complaint), generally.

13.      Travelers alleges upon information and belief, after conducting a reasonable inquiry based on publicly available information, that no partner and/or member of the Penske Entities is a citizen of the state of Connecticut.

14.      Therefore, diversity exists between Travelers and the Penske Entities.

**b.  The Janoseks are nominal parties, and thus, their citizenship should not be considered for diversity purposes.**

15.     The Janoseks reside at 166 Old Furnace Road, Hopwood, Pennsylvania. *See* Exhibit 1 (Complaint), at ¶ 5. Thus, they are citizens of Pennsylvania.

16.     While the Penske Entities may be citizens of the same state as the Janoseks, the Janoseks' citizenship does not destroy diversity because they are nominal parties whose citizenship should not be considered for jurisdictional purposes.

17.     The citizenship of nominal parties is not considered to determine whether diversity of citizenship exists. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460-61 (1980); *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 358 (3d Cir. 2013).

18.     This Court and other Pennsylvania district courts have repeatedly held that injured plaintiffs in an underlying action that are joined to an action determining the scope of insurance coverage are considered nominal parties. *See, e.g., Yakitori Boy, Inc. v. Starr Indem. & Liability, Co.*, 2019 WL 199904, at *4-5 (E.D. Pa. Jan. 14, 2019) (collecting cases); *Hippo Flemming & Pertile Law Office Corp*, 2016 WL 1715195, at *3 (W.D. Pa. Apr. 28, 2016) (Gibson, J.) (noting that the plaintiffs in an underlying action had only an "indirect financial interest" in the declaratory judgment action involving insurance coverage and that the plaintiffs were therefore nominal parties to the federal action).

19.     Here, the Janoseks are nominal parties. The Complaint asserts no claims against the Janoseks, and there is no controversy between the Penske Entities and the Janoseks in this action. Instead, the Janoseks merely have an indirect financial interest in the outcome of this insurance coverage dispute between the Penske Entities and Travelers. Indeed, the Complaint itself states that the Janoseks have been named as defendants merely "to the extent they have an interest in the outcome of this litigation." Exhibit 1 (Complaint), at p. 1.

20.     Therefore, the Janoseks are nominal parties, thus precluding their citizenship from being considered for diversity of citizenship purposes.

### c.  In the alternative, the Janoseks' interests align with Plaintiffs', thus they must be realigned as plaintiffs for diversity jurisdiction purposes.

21.     In the alternative, although the Janoseks are named as defendants, they should be realigned as plaintiffs for purposes of determining diversity of citizenship as their interests are more directly aligned with the Penske Entities' interests. *See Yakitori Boy*, 2019 WL 199904 at *3-4 (realigning underlying injured plaintiff that was joined as defendant in insurance coverage action as a plaintiff in coverage action for purposes of determining diversity of citizenship and denying motion to remand as a result); *Ramara, Inc. v. Westfield Ins. Co.*, 2014 WL 12607757 (E.D. Pa. Jan. 2, 2014) (denying motion to remand by realigning the underlying plaintiff with the insured who filed the declaratory judgment action); *Chancellor Props., Inc. v. Houston Cas. Co.*, 2009 WL 3790309 (E.D. Pa. Nov. 12, 2009) (denying motion to remand because realignment of the parties was proper and plaintiff in the underlying suit was "truly a plaintiff" in the insurance-coverage-related declaratory judgment action).

22.     To the extent the Janoseks have an interest in this coverage action, their interests are related to whether and how much they are able to recover in a judgment against the Penske Entities in the Underlying Action. The issue in this coverage action is whether the Penske Entities are entitled to insurance coverage from Travelers for any judgment in the Underling Action. Thus, both the Janoseks and Penske Entities are hoping for a determination that Travelers must insure the Penske Entities. There are no clams or disputes between the Janoseks and the Penske Entities in this action. Their interests are aligned.

23.     As a result, the Janoseks should be realigned as plaintiffs.

24.     When realigned as plaintiffs, the Janoseks, who are Pennsylvania citizens, are of

diverse citizenship from Travelers, which is a Connecticut citizen. Consequently, there is complete diversity.

25.     In sum, because Travelers and the Penske Entities are diverse, and the Janoseks are either nominal parties or should be realigned as plaintiffs, diversity of citizenship between the parties is satisfied.

**B.     <u>The amount in controversy exceeds $75,000</u>**

26.     The Complaint establishes that the amount in controversy exceeds $75,000.

27.     To determine whether the amount in controversy requirement for diversity jurisdiction has been satisfied, the Court must measure the amount not by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated. *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002).

28.     A lawsuit "will be remanded only if it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount" of $75,000. *Hook v. Progressive Cas. Ins. Co.*, 2008 WL 11366426, at *5 (M.D. Pa. Aug. 18, 2008) (following *Samuel-Bassett v. Kia Motors America, Inc.*, 357 F.3d 392 (3d Cir. 2004)); *see also Frederico v. Home Depot*, 507 F.3d 188, 195 (3d Cir. 2007) (citing *Valley v. State Farm Fire and Cas. Co.*, 504 F. Supp. 2d 1, 3-4 (E.D. Pa. 2006)) ("[A] case must be dismissed or remanded if it appears to a legal certainty that the plaintiff *cannot* recover more than the jurisdictional amount of $75,000.  The rule does not require the removing defendant to prove to a legal certainty the plaintiff *can* recover $75,000 -- a substantially different standard.").

29.     In a declaratory judgment action, "the amount in controversy is determined by 'the value of the object of the litigation.'" *AIM NationalLease v. Genuine Parts Co.*, 2012 WL 3127179, *2 (W.D. Pa. July 31, 2012) (quoting *Columbia Gas Transmission Corp. v. Tarbuck*,

62 F.3d 538, 541 (3d Cir. 1995) (quoting *Hunt v. Was. Apple Advertising Comm'n*, 432 U.S. 333, 347 (1997)).

30.    Additionally, where a duty to defend an insured is at issue, the costs of defense in the underlying action are properly included in determining the amount in controversy. *Auto–Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 396 (3d Cir. 2016).

31.    Here, the Complaint seeks a determination that the Penske Entities are entitled to insurance coverage as additional insureds for defense and indemnity costs for the Underlying Action. Therefore, "the value of the object of the litigation" is the potential indemnity costs in the Underlying Action and the defense costs incurred by the Penske Entities in defending against the Underlying Action. *See AIM NationalLease*, 2012 WL 3127179 at *2 (holding the value of the object of the litigation was the value of a defense and indemnification of the plaintiff in the underlying state court action for which the indemnity was sought).

32.    The Complaint references and attaches the complaint in the Underlying Action ("Underlying Complaint). *See* Exhibit 1 (Complaint), Exhibit A (Underlying Complaint").

33.    The Underlying Complaint alleges that Mr. Janosek suffered "serious and permanent injuries" when the overhead door of a truck fell onto his right shoulder, right elbow and back. *See* Exhibit 1 (Complaint), Exhibit A (Underlying Complaint), ¶ 14.

34.    Specifically, Mr. Janosek allegedly suffered: "complete tear right shoulder rotator cuff"; "severe right elbow contracture and inability to flex or extend elbow"; "severe pain in right shoulder"; "severe pain in right elbow"; and "pain and injury to back." *Id.* at ¶ 21. Mr. Janosek was "required to undergo surgeries on his right shoulder and elbow." *Id.* at ¶ 23. He "is unable to work and has suffered a loss of income, and he will suffer a loss of future income and loss of earning capacity." *Id.* at ¶ 25. Mr. Janosek allegedly suffered "physical and emotional

anguish, pain and suffering, shock, emotional distress and inconvenience, which will continue into the future." *Id.* at ¶ 28.

35.     Mr. Janosek demands unspecified damages against the Penske Entities, jointly and severally, in an amount in excess of the mandatory arbitration limits of Allegheny County, which is $35,000, along with interest and costs. *Id.* at Count I, Wherefore Clause. Ms. Janosek also seeks damages for loss of consortium against the Penske Entities, jointly and severally, in an amount in excess of the mandatory arbitration limits of Allegheny County, along with interest and costs. *Id.* at Wherefore Clause for Loss of Consortium count.

36.     If the Janoseks were to prevail on the causes of action asserted in the Underlying Complaint, they may recover damages that may be well in excess of $75,000.

37.     In addition, the Penske Entities will incur attorney's fees and costs to defend against the Janoseks' claims in the Underlying Action.

38.     Given the substantial, continuing, and open-ended damages alleged in the Underlying Complaint and the defense costs that the Penske Entities will undoubtedly incur in defending the Underlying Action, all of which the Penske Entities are seeking insurance coverage for from Travelers in this action, it cannot be said to a legal certainty that the Penske Entities cannot recover the jurisdictional of amount of $75,000 in insurance benefits by virtue of its claims in this action.

39.     As a result, the amount in controversy requirement for diversity jurisdiction is satisfied.

II.      **THIS NOTICE OF REMOVAL IS PROCEDURALLY PROPER**

40.     To properly remove a case from state court to federal court, the removing party must a) file a notice of removal in federal court within 30 days of service; and b) file a notice of notice of removal in state court.  28 U.S.C. § 1446(b) and (d).  Both conditions are met here.

41.     Travelers was served with the Complaint on March 3, 2020. Accordingly, Travelers' notice of removal is timely if it is filed by April 2, 2020.

42.     Because Travelers has filed this Notice of Removal within 30 days of service, removal is timely per 28 U.S.C. § 1446(b).

43.     Pursuant to 28 U.S.C. § 1446(a), attached to this Notice is a true and correct copy of all pleadings served upon Travelers in the state court action. *See* Exhibit 1.

44.     As required by 28 U.S.C. § 1446(d), Travelers will file a "Notice of Filing a Notice of Removal" with the Court of Common Pleas of Allegheny County, Pennsylvania promptly after filing this Notice of Removal.

45.     Because, as explained above, the Janoseks are nominal parties or, alternatively, should be realigned as plaintiffs, their consent to removal is not required. *Johnson*, 724 F.3d at 359 n. 27 (holding the requirement under 28 U.S.C. § 1446(b)(2)(A) for properly served defendants to join in or consent to removal does not extend to nominal parties); *Independent Pier Co. v. Lloyd's London*, 1988 WL 92171, *4 (E.D. Pa. Sept. 1, 1988) ("where the parties are misaligned, realignment can cure a removal without the consent of the misaligned defendants").

WHEREFORE, Travelers gives notice that the action pending in the Court of Common

Pleas of Allegheny County, Pennsylvania is removed to this Court.


Dated:  April 1, 2020                     Respectfully submitted,

                                          HOUSTON HARBAUGH, P.C.

                                          /s/  *R. Brandon McCullough*

                                          _____
                                          R. Brandon McCullough, Esquire
                                          Pa. Id. No. 208563
                                          Robert D. Shope, Esquire
                                          Pa. Id. No. 324518
                                          Three Gateway Center
                                          401 Liberty Avenue, 22nd Floor
                                          Pittsburgh, PA 15222
                                          (412) 281-5060
                                          *(Counsel for Defendant Travelers Property Casualty*
                                          *Company of America)*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing **NOTICE OF REMOVAL**

was sent to all counsel of record this 1st day of April, 2020, via email addressed as follows:


Timothy Smith, Esquire
tsmith@pionlaw.com
Julie A. Brennan, Esquire
jbrennan@pionlaw.com
Pion, Nerone, Girman, Winslow & Smith, P.C.
1500 One Gateway Center
420 Fort Duquesne Boulevard
Pittsburgh, PA 15222
*(Counsel for Plaintiffs)*

Thomas E. Crenney, Esquire
tecrenney@crenney.com
Tom Crenney & Associates
2605 Nicholson Road, Suite 2203
Sewickley, PA 15143
*(Counsel for John and Laura Janosek)*



Dated:  April 1, 2020               HOUSTON HARBAUGH, P.C.

/s/   *R. Brandon McCullough*

_____
R. Brandon McCullough, Esquire
Pa. Id. No. 208563
Robert D. Shope, Esquire
Pa. Id. No. 324518
Three Gateway Center
401 Liberty Avenue, 22nd Floor
Pittsburgh, PA 15222
(412) 281-5060
*(Counsel for Defendant Travelers Property Casualty*
*Company of America)*